# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| **HEATHER JAMES**, on behalf of herself and others similarly situated, | : |
| Plaintiff, | : Civil Action No. |
| v. | : **Document Electronically Filed** |
| **THE CAMPBELL'S COMPANY, CAMPBELL SOUP SUPPLY COMPANY, LLC,** | : **JURY TRIAL DEMANDED** |
| Defendants. | : |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT
## FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiff Heather James ("Named Plaintiff"), individually and on behalf of others similarly situated, files her Collective Action Complaint against Defendants The Campbell's Company and Campbell Soup Supply Company, LLC ("Defendants") for failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*. Named Plaintiff's FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on Named Plaintiff's personal knowledge and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as

follows:

## I. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants reside in this District and are subject to personal jurisdiction in this District.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff is an individual, a United States citizen, and a resident of Ohio.

4. Named Plaintiff worked for Defendants at their facility in Napoleon, Ohio as an hourly, non-exempt employee as defined in the FLSA primarily in the position of Filler Operator from approximately 2017 to May 2024.

5. At all relevant times, Named Plaintiff primarily performed non-exempt duties for Defendants.

6. Named Plaintiff's Consent to Join form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### B. Defendants

7. Defendant The Campbell's Company is a New Jersey corporation with

its principal place of business in Camden, New Jersey.

8. Defendant Campbell Soup Supply Company L.L.C is a Delaware corporation with its principal place of business in Camden, New Jersey.

9. Defendants (collectively "Campbell") operate numerous facilities across the United States.[1] Campbell is a large food and drink manufacturer that produces various soups, snacks, meals, and other food and drink products.[2]

10. At all relevant times, Defendants have been an "employer" or "joint employer" as the FLSA defines those terms due to their employment of Named Plaintiff and those similarly situated as described herein.

11. Defendants form a "single employer" because they are part of a single integrated enterprise and/or a joint employer by jointly operating and providing services and maintaining interrelated operations, centralized control of labor relations, common management and common ownership, and financial control.

12. At all relevant times, Defendants have determined those matters governing the essential terms and conditions of employment for Named Plaintiff and similarly situated employees. In so doing, Defendants are responsible for the human resources decision-making processes, including material terms and conditions of employment and other human resource operations, for Named Plaintiff and those

---

[1] *See* THE CAMPBELL'S CO., https://careers.thecampbellscompany.com/us/en/our-manufacturing-distribution-centers (last visited June 6, 2025).
[2] *Our Food*, THE CAMPBELL'S CO., https://www.thecampbellscompany.com/our-food/ (last visited June 6, 2025).

similarly situated.

13. The work performed by Named Plaintiff and similarly situated employees benefited Defendants and directly or indirectly furthered their interests.

14. At all relevant times, Defendants has or had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment. At all relevant times, Defendants have exercised that authority and control over Named Plaintiff and other similarly situated employees.

15. At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control employees' work schedules and work conditions, determine the rate and method of pay, and/or maintain employee records.

16. At all relevant times, Defendants have suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

17. During all relevant times, Defendants maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime.

18. Defendants operate and control an enterprise and employ employees engaged in commerce or the production of goods for commerce, or have had

employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

19. Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

20. Upon information and belief, Defendants have applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA, including overtime wages, timekeeping, maintenance of records, etc.

21. Based on information and belief, Defendants have been fully aware at all relevant times that they were legally required to comply with the wage and overtime laws of the United States.

### III. FACTUAL ALLEGATIONS

22. Campbell produces soups, snack foods, meals, beverages, and other food and drink products at facilities across the United States.

23. At all times relevant, Named Plaintiff and other similarly situated production/manufacturing employees have been "employees" as defined in the FLSA.

24. At times relevant, Named Plaintiff and other similarly situated production/manufacturing employees have worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s).

25. During their employment with Campbell, Named Plaintiff and other similarly situated production/manufacturing employees were not paid for all overtime wages they earned because employees were not paid for all work time for several reasons. First, Named Plaintiff and other similarly situated production/manufacturing employees regularly performed their first integral and indispensable work activity off-the-clock. However, employees were not paid for all the time that followed such activity. Second, on information and belief, Campbell maintained an unlawful policy or practice of rounding its production/manufacturing employees' hours worked down in Campbell's favor or otherwise reducing employees' total hours worked.

26. Named Plaintiff and other similarly situated production/manufacturing employees regularly arrive at their facility before the scheduled start of their shift to don their uniform and personal protective equipment ("PPE") and engage in other pre-shift substantive work activities, such as washing their hands, reviewing their assignment, and checking daily shift information. Donning their uniform and PPE is Named Plaintiff's and other similarly situated production/manufacturing employees' first integral and indispensable job duty of the day, as they are working with food products in an industrial setting that requires adherence to Food and Drug Administration ("FDA") regulations. Donning sanitary uniforms and PPE to maintain sanitary/hygienic conditions and comply with FDA regulations are

inextricably intertwined with the job duties of manufacturing and packaging Campbell's food and beverage products.

27. Additionally, after donning PPE, Named Plaintiff and other similarly situated production/manufacturing employees must walk a distance on Campbell's premises to clock in and report for the start of their shifts.

28. Named Plaintiff and other similarly situated production/manufacturing employees are not compensated for all work after donning their PPE. Instead, the time that follows donning PPE is either not captured because it occurs before clocking in, and/or, on information and belief, the Campbell systematically rounds employees' hours worked to their detriment.

29. Campbell's failure to compensate Named Plaintiff and other similarly situated production/manufacturing employees, as set forth above, has resulted in unpaid overtime.

30. Campbell's policies and practices, as alleged herein, have denied Named Plaintiff and those similarly situated production/manufacturing employees overtime compensation.

31. Campbell had actual or constructive knowledge that it was not compensating Named Plaintiff and other similarly situated production/manufacturing employees for all hours worked.

32. Campbell acted willfully regarding its conduct described herein.

## IV.   FLSA COLLECTIVE ACTION ALLEGATIONS

33.   Named Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other similarly situated production/manufacturing employees of the opt-in collective, consisting of the following:

> **All current and former hourly production/manufacturing employees of Campbell who were paid for forty (40) or more hours of work in any workweek beginning three (3) years before the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or the "Potential FLSA Collective Members").**

34.   This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former hourly production/manufacturing employees are similarly situated regarding their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and acting on behalf of their interests as well as her own in bringing this action.

35.   These similarly situated production/manufacturing employees are known to Defendant and are readily identifiable through Campbell's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) to collectively adjudicate their claims for unpaid overtime

compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## V. CAUSE OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

36. All of the preceding paragraphs are realleged as if fully rewritten herein.

37. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective.

38. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

39. During the three (3) years preceding the filing of this Complaint, Campbell employed Named Plaintiff and the Potential FLSA Collective Members.

40. Named Plaintiff and the Potential FLSA Collective Members regularly worked in excess of forty (40) hours in various workweeks.

41. Campbell violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all overtime hours worked because of Campbell's policies and/or practices described above.

42. Named Plaintiff and the Potential FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

43. Campbell knew or should have known of the FLSA's overtime payment requirements. Despite such knowledge, Campbell willfully withheld and failed to

pay the overtime compensation to which Named Plaintiff and the Potential FLSA Collective Members are entitled.

44.     The exact total compensation, including overtime, that Campbell has failed to pay Named Plaintiff and the Potential FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in Campbell's possession or were otherwise not kept.

45.     As a direct and proximate result of Campbell's conduct, Named Plaintiff and the Potential FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Potential FLSA Collective Members.

## VI.     **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Campbell and for an Order:

A.     Directing prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B.     Finding that Campbell failed to keep accurate records in accordance with the FLSA and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff and the Potential FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff and the Potential FLSA Collective Members costs, disbursements, and reasonable allowances for fees as well as reimbursement of costs and expenses;

E. Awarding to Named Plaintiff and the Potential FLSA Collective Members such other and further relief as the Court deems just and proper;

F. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

G. Rendering a judgment against Campbell for all damages, relief, or any other recovery whatsoever.

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

Date: June 9, 2025                Respectfully submitted,

/s/ Krysten Connon
Krysten Connon, NJ Bar No. 016732012
Sarah R. Schalman-Bergen*
**LICHTEN & LISS-RIORDAN, P.C.**
30 Washington Ave, Suite D-3
Haddonfield, NJ 08033

Telephone: (617) 994-5800
kconnon@llrlaw.com
ssb@llrlaw.com


*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (OH Bar 0085586)*
Adam C. Gedling (OH Bar 0085256)*
Tristan T. Akers (OH Bar 0102298)*
**COFFMAN LEGAL, LLC**
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
           agedling@mcoffmanlegal.com
           khendren@mcoffmanlegal.com
           takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

*\* Request for pro hac vice admission forthcoming*

# EXHIBIT A

**CONSENT TO JOIN**
**PURSUANT TO 29 U.S.C. §216(b)**

1.   I, __Heather James__ hereby consent and agree and opt-in to become a plaintiff class member in a lawsuit or arbitration brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.* against my current/former employer Campbell Soup Supply Company L.L.C., and any of its officers, agents, parent corporations, subsidiaries, joint employers and representatives.

2.   I hereby agree to be bound by any adjudication of this action by the Court or arbitrator, whether it is favorable or unfavorable.  I further agree to be bound by any collective action settlement herein approved by my attorneys.

DATE: __14/05/2025__                SIGNATURE: __Heather James (Mar 14, 2025 19:47 EDT)__

__Heather James__
PRINTED NAME